NEIMICK, APPELLANT, *v.* THE AMERICAN INSURANCE COMPANY OF NEWARK, RESPONDENT.

[Submitted June 13, 1895.   Decided June 17, 1895.]

INSURANCE—*Conflict between verdict and special findings.*—In an action upon an insurance policy for six hundred dollars which contained a clause "$1,800 total concurrent insurance permitted" a general verdict for the plaintiff was properly set aside and judgment rendered for the defendant on the special findings of the jury that there was no understanding at the time of the issuance of the policy that the insurance might be increased to the aggregate amount of thirty-six hundred dollars, as contended by plaintiff, or that prior policies aggregating eighteen hundred dollars which would shortly expire might be renewed.

SAME—*Amendment to complaint after verdict.*—In an action on an insurance policy where the plaintiff alleged and relied upon an agreement between himself and the insurance company, that additional insurance might be taken in excess of the amount, limited by the policy, and upon the trial proved that the insurance company, having knowledge of this additional insurance made no objection thereto, and, after a verdict had been returned and the jury discharged, offered to amend his complaint to conform to such proof, the amendment was properly refused as inconsistent with the agreement upon which the right to recover was based, and also because made too late.

*Appeal from First Judicial District, Lewis and Clarke County.*

ACTION on fire insurance policy. Defendant's motion for judgment on special findings was granted by HUNT, J. Affirmed.

Statement of the case by the justice delivering the opinion.

This is an action on an insurance policy. On the 3d day of June, 1892, the defendant, through its agents, issued its policy to the plaintiff in the sum of $600. At the same time the

same agents issued two other policies for $600 each, of other companies represented by said agents, to plaintiff, on the same property, making an aggregate of $1,800 insurance on the property. The policy contained this clause : "$1,800 total concurrent insurance permitted." The property was totally destroyed by fire on the 6th day of September, 1892. After the fire it was developed that plaintiff had secured other insurance on the property to the amount of $1,800 making a total insurance thereon of $3,600. This additional insurance was procured in other companies than those represented by defendant's agents.

In his complaint in this suit plaintiff alleges "that prior to and at the time of making the contract of insurance between plaintiff and defendant herein, the plaintiff notified and informed the defendant's said agents of said other and prior insurance, and defendant's said agents consented and agreed that said prior insurance should remain thereon, and plaintiff then and there notified and informed said agents that said other insurance would soon expire, and that he would have, and did have, the same renewed immediately upon the expiration thereof; that the defendant's said agents, at the time said contract of insurance was entered into, knowing of and consenting to all the insurance there was on the said property, and knowing about the renewal thereof, consented and agreed thereto, and took plaintiff's application, received said premium, and issued and delivered said policy, knowing of the existence of said prior and other insurance; and then and there defendant waived any and all the conditions and requirements in said policy relative to other insurance." This allegation is denied by the answer. This seems to be the main, if not the only important, issue raised by the pleadings.

The case was tried with a jury, who returned a general verdict for the plaintiff, and the following special findings of fact: "(1) What was the value of the building at the time of the issuance of the policy sued on, to wit, the 3d day of June, A. D. 1892? Answer. $2,300. (2) What was the value of the building at the time of its destruction by fire, to wit, on the

6th day of September, A. D. 1892? Answer. $2,300. (3) Was it understood between plaintiff and L. F. La Croix, at the time of the issuance of the three policies by him, aggregating eighteen hundred dollars, that said plaintiff could increase the insurance of said building so that the aggregate amount of the insurance should be thirty-six hundred dollars? Answer. No. (4) Did Mr. La Croix tell plaintiff that he could renew the three old policies, which were shortly to expire, so as to make the insurance on said building $3,600? Answer. No. The court, on motion of the defendant, set aside the general verdict in favor of plaintiff, and rendered judgment in favor of defendant on the special findings. From this judgment, plaintiff appeals.

*R. R. Purcell,* for Appellant.

Where there is former or subsequent insurance, which is not noted on the policy in question, if the agent knew of such other insurance and the policy be issued and continue to exist, such knowledge of the agent is knowledge of the company, and the policy is valid. (*Fishbeck* v. *The Phœnix Insurance Co.,* 54 Cal. 423–427; *Pitney* v. *Glenn Falls Insurance Co.,* 65 N. Y. 22 and 202; May on Insurance, § 141–145; Woods on Insurance, § 386, 369 and 373; *Insurance Company* v. *Wilkenson,* 13 Wall. (U. S.) 231; *Insurance Company* v. *Norton,* 96 U. S. 84, 234 and 572 and numerous cases cited in case *Fishbeck* v. *Phœnix Insurance Co., supra.*)

*C. B. Nolan* and *Leon A. La Croix,* for Respondent.

" It is a defense to an action on an insurance policy that the assured, in violation of its terms obtained other insurance without defendant's consent." (*Bowlus* v. *Phœnix Insurance Co.,* 32 N. E. 319; see, also: *Blanchard* v. *Atlantic Insurance Co.,* 33 N. H. 9; *Deitz* v. *Mound City Insurance Co.,* 38 Mo. 85; *Washington Insurance Co.* v. *Hayes,* 17 Ohio 432; *Benedict* v. *Ocean Insurance Co.,* 31 N. Y. 389; *Insurance Company* v. *Slockblower,* 26 Pa. St. 199; *Sugg and wife* v. *Hart-*

*ford Insurance Co.*, 3 S. E. Rep. 732; *Mattocks* v. *Des Moines Insurance Co.*, 37 N. W. Rep. 174; *American Insurance Co.* v. *Replogie*, 15 N. E. Rep. 810; *Havens* v. *Home Insurance Co.*, 12 N. E. Rep. 137; *Ordway* v. *Continental Insurance Co.*, 35 Mo. App. 426; *Johnson* v. *American Insurance Co.*, 43 N. W. Rep. 59; *Hutchinson* v. *Western Insurance Co.*, 21 Mo. 97; *Quinlan* v. *Prov. Wash. Insurance Co.*, 133 N. Y. 356; *Golden* v. *Northern Ass. Co.*, 49 N. W. Rep. 246.)

PEMBERTON, C. J.—The appellant contends that the general verdict is not inconsistent with the special findings, and that the court erred in so holding.

The plaintiff alleges in his complaint an understanding or agreement with defendant's agents that he might increase his insurance on the property to the sum of $3,600. This the defendant denied. This issue was included in the special findings submitted to the jury. They found that there was no such understanding or agreement. If there was no such agreement, plaintiff, it is conceded, could not recover. The general verdict for plaintiff was necessarily inconsistent with the special findings that no such agreement was entered into between the parties.

The plaintiff, after defendant had moved the court for judgment on the special findings, asked leave to file amendments to his complaint, to the effect that defendant's agents had knowledge of this additional insurance, irrespective of said agreement, on the property, before its destruction, and made no objection thereto. Counsel for plaintiff contends that there was evidence of such knowledge, and that he was entitled to amend his complaint in conformance therewith. He contends also that this made an issue not covered by the special findings, and on which the jury might have found their general verdict; and, if so, he says the court erred in setting aside the general verdict, and rendering judgment on the special findings.

We think this amendment inconsistent with the agreement alleged in the complaint as a basis of plaintiff's right to recover in the case. And, furthermore, if the plaintiff desired

to avail himself of the right to so amend, he should have made his offer at the close of the testimony, and asked for a finding thereon. When he offered his amendment the verdict and findings had been made and returned, the jury had been discharged, and the court was considering a motion for judgment on the verdict and findings. We are unable to discover any abuse of discretion on the part of the trial court in disallowing the amendment. It seems to us, from a careful consideration of the record, that the case was fairly tried on the pleadings and evidence, and a proper result reached.

The judgment is affirmed.

*Affirmed.*

DE WITT, J., concurs.

HUNT, J., having presided at the trial of this suit, takes no part in the decision.

